UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSIE HARRELL,

    Plaintiff,

v.                                                       CASE NO. 8:17-cv-2356-T-23TBM

SMARTPAY LEASING, LLC,

    Defendant.

_____/

## **ORDER**

    Jessie Harrell leased an LG smartphone from Smartpay in June 2015.  After Harrell purportedly stopped paying the debt, Smartpay allegedly called Harrell several times to attempt collection.  Harrell sues (Doc. 1) under the TCPA, the FCCPA, and the FDCPA.  Also, Harrell claims that Smartpay's debt-collection attempts violated Harrell's privacy.  Smartpay moves (Doc. 9) to compel arbitration under Section 3 of the Federal Arbitration Act, and Harrell opposes (Doc. 12) the motion.

## **DISCUSSION**

    If a party moves to compel arbitration under a written and enforceable agreement, Section 3 provides that the district court "shall" stay the action until the arbitrator decides the dispute.  The written agreement between Harrell and Smartpay's predecessor requires the parties to arbitrate "any claim or dispute arising

from or in any way related to the [lease] Agreement." (Doc. 10-1 at 4) Although conceding that the agreement requires arbitrating all the claims in this action, Harrell argues that Smartpay "waived" the right to arbitrate in this action by failing to pay the arbitral fee in two unrelated actions, which failures purportedly caused the arbitrator to dismiss those actions.[1]

According to Harrell, an e-mail from Smartpay's counsel shows that Smartpay will refuse to pay the arbitral fee in this action. In the e-mail, Smartpay's counsel states that "Smartpay will, of course, reimburse your client for any filing fee. However, Smartpay will not voluntarily agree to take on payment obligations beyond those specified in the parties' agreement." (Doc. 12-3 at 1) Smartpay's response appears to comport with the arbitration agreement, which requires Smartpay to "pay the initial filing fee" but requires each party to "pay its own attorneys' fees and other costs of arbitration." (Doc. 12-4 at 4) Also, the parties agreed to abide by an arbitral association's rules, which specify the allocation of arbitral costs. (Doc. 12-4 at 4)

A defendant waives the right to compel arbitration if the defendants acts inconsistently with the right to arbitrate and if the defendant's conduct prejudices the plaintiff. *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315–16 (11th Cir. 2002).

---

[1] Also, Harrell cites *Aberdeen Golf & Country Club v. Bliss Const., Inc.*, 932 So. 2d 235, 240 (Fla. 4th DCA 2005), which appears to suggest that a party's suing constitutes an "anticipatory repudiation" of a contract that includes an arbitration clause. The Florida courts that scrutinize the decision reject *Aberdeen*'s holding (for example, *Auchter Co. v. Zagloul*, 949 So. 2d 1189 (Fla. 1st DCA 2007)), and *Aberdeen* appears to conflict with the Federal Arbitration Act's mandate that a district court "shall" order arbitration if a written and enforceable agreement requires arbitration and if the party that requests mediation acts consistently with the right to compel arbitration.

Smartpay promptly moved to compel arbitration, and no evidence in this action shows Smartpay's waiver of the right to compel arbitrating Harrell's claims.

Also, the penultimate page of Harrell's response in opposition requests that the district court sanction Smartpay for "fail[ing] to disclose the substance of the dispute between the parties." (Doc. 12 at 8)  The request warrants denial for several reasons. Local Rule 3.01(f) requires that a party submit in a motion "all applications to the Court [] requesting relief in any form," but Harrell buries the request in a response. Also, Rule 11, Federal Rules of Civil Procedure, requires Harrell to permit Smartpay twenty-one days to withdraw the purportedly deceptive motion, but Harrell requested sanctions after fourteen days.[2]  Even if compliant with the Local Rules and the Federal Rules of Civil Procedure, the request for sanctions warrants denial because a defendant lacks the duty to anticipate and disclose a peripheral and unsubstantiated argument that the plaintiff might raise in opposition to the defendant's motion.  The request (Doc. 12 at 8) for sanctions is **DENIED**.

## CONCLUSION

The motion (Doc. 9) to compel arbitration is **GRANTED**, and the action is **STAYED** until the arbitral decision.  No later than ten days after the arbitral decision, the parties must move to confirm or vacate the decision or must stipulate to the dismissal of this action.  If Smartpay fails to pay the arbitral fee and the arbitrator consequently dismisses the action, Harrell must move no later than ten days after the

---

[2] Additionally, Rule 11(c)(2) provides that a "motion for sanctions must be made separately from any other motion."

dismissal to lift the stay.[3]  The clerk is directed to **ADMINISTRATIVELY CLOSE** the case.

    ORDERED in Tampa, Florida, on December 21, 2017.

                                                             STEVEN D. MERRYDAY
                                       UNITED STATES DISTRICT JUDGE

---

[3] Section 3 requires staying the action until the arbitral decision, "providing [that] the applicant for the stay is not in default in proceeding with such arbitration." Several decisions hold that the applicant's failure to pay the arbitral fee constitutes a default. *See Pre-Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287 (10th Cir. 2015) (Matheson, J.) (collecting decisions).